UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES COBBLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 2:17-CV-53-TAV-MCLC |
| | ) |
| 20/20 COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant's Motion to Stay Briefing and Adjudication of Plaintiff's Motion for Conditional Certification [Doc. 78]. In this motion, defendant moves the Court to stay briefing and adjudication of plaintiff James Cobble's Expedited Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Opt-in Plaintiffs [Doc. 71], pending resolution of defendant's motions to dismiss, transfer venue, or transfer the opt-in claims [Docs. 5, 46]. Plaintiff responded in opposition to defendant's motion to stay [Doc. 83], and defendant filed a reply [Doc. 84]. After carefully considering the matter, the Court will grant defendant's motion to stay.

**I. Background**

This case concerns allegations of unpaid overtime wages under the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201–19. Plaintiff James Cobble seeks to represent all similarly situated Field Sales Managers whom defendant employed in the past three years to service its account with Samsung Electronics America, Inc., and to whom it

allegedly failed to properly pay overtime wages [Doc. 1 ¶¶ 1–2]. Plaintiff[1] originally filed a demand for arbitration with the American Arbitration Association ("AAA"), seeking the same relief [Doc. 6-1]. After that proceeding had remained pending for almost a year, however, plaintiff withdrew his arbitration demand and filed a complaint for monetary, injunctive, and declaratory relief in this Court [Doc. 1]. The complaint asserts that defendant employed hundreds of Field Sales Managers who worked over forty hours per week yet did not receive sufficient overtime pay [*Id.* ¶¶ 28–29].

Defendant responded by moving the Court to dismiss plaintiff's complaint and compel arbitration or, in the alternative, to transfer this action to the United States District Court for the Northern District of Texas [Doc. 5]. In support of this motion, defendant asserted that, as a condition of employment, all Field Sales Managers had signed a Mutual Arbitration Agreement ("MAA"), which required the parties to submit all non-excepted disputes to arbitration and which contained a class action waiver [Doc. 6 pp. 2–3]. Defendant also noted that, even if no enforceable arbitration agreement existed, plaintiff's employment agreement contained a forum-selection clause fixing venue in Tarrant County, Texas [*Id.* at 13]. Plaintiff responded that he never signed an MAA or forum-selection clause, noting that defendant has been unable to produce the original, signed agreement

---

[1] Although multiple other opt-in plaintiffs have now joined this action, the Court will refer to plaintiff Cobble simply as "plaintiff" for the purpose of brevity.

[Doc. 16 pp. 5–7].[2] Moreover, plaintiff has argued that the MAA would be unenforceable under controlling Sixth Circuit precedent to the extent it contains a class action waiver [Doc. 83 p. 1 (citing *NLRB v. Alt. Entm't, Inc.*, 858 F.3d 393 (6th Cir. 2017))].

On July 3, 2017, defendant filed a motion to transfer the claims of all but one opt-in plaintiff to the Northern District of Texas on the ground that the Court lacks personal jurisdiction over these claims [Doc. 46].[3] Defendant later moved for a stay of discovery pending a ruling on its motions to dismiss or transfer venue [Doc. 55]. Then, on August 18, 2017, plaintiff moved the Court to conditionally certify this matter as a collective action and to order sending notice to potential opt-in plaintiffs, pursuant to 29 U.S.C. § 216(b) [Doc. 71]. The Court referred these motions to Magistrate Judge Clifton L. Corker for his consideration [Docs. 58, 76–77]. These motions remain pending before Magistrate Judge Corker as of the date of entry of this opinion.

Finally, on August 31, 2017, defendant moved for a stay of briefing and adjudication of plaintiff's conditional certification motion [Doc. 78]. Defendant submits that, in the interests of judicial economy and preservation of party resources, the Court should defer ruling on plaintiff's motion until it has ruled on defendant's motions to dismiss or transfer

---

[2] Defendant has explained that the original image of plaintiff's electronic employment agreement, which contained the MAA he executed, was lost after defendant's business relationship with its former onboarding-software vendor, Enwisen, ended [Doc. 6 p. 2 n.2]. Defendant asserts, however, that it has produced uncontroverted evidence that plaintiff could not have completed the hiring process without executing the agreement, given the nature of the onboarding software in use at the time his employment began [*Id.* (citing Doc. 6-3 ¶ 13 (deposition of Chian Burks))].

[3] Defendant later filed a supplemental motion seeking the same relief with regard to additional opt-in plaintiffs who had joined the suit in the interim [Doc. 66].

3

venue [Doc. 79 p. 2].  Plaintiff responded in opposition [Doc. 83], and defendant replied [Doc. 84].  Defendant's motion to stay is thus fully briefed and ready for disposition.

## II.     Analysis

The Court will first determine the standard of review it must apply in considering defendant's motion to stay.  The Court will then determine, in light of that standard, which of the various motions pending before the Court should receive priority consideration and whether defendant's requested stay is warranted.

### A.     Determining the Proper Standard of Review

First, defendant submits that a stay of briefing and adjudication of plaintiff's conditional certification motion is appropriate, based on principles of judicial economy [Doc. 79 p. 2].  Plaintiff responds that, under applicable Sixth Circuit precedent, the proponent of a stay must show that it will suffer irreparable injury absent a stay and that its opponent will not suffer any injury if a stay is entered [Doc. 83 pp. 2–3].  Plaintiff argues that defendant has made no such showing.

A district court generally "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . . ." (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir.

4

1977)))). On the other hand, courts "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. Thus, when a party seeks a stay of proceedings in a case, that party bears the burden of proving "that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." *Int'l Bhd. of Elec. Workers, Local Union No. 2020 v. AT&T Network Sys.*, 879 F.2d 864, at *8 (6th Cir. 1989) (table opinion). The court must also consider whether the requested stay will "further the interest in economical use of judicial time and resources." *Id.*

Plaintiff asserts that the standard described above for granting a stay of proceedings governs defendant's motion.[4] The Court disagrees. While judicial economy and prejudice to the parties are certainly relevant considerations in any stay analysis, the cases cited above concerned a litigant's motion for a stay of *all* proceedings pending some other event. *See, e.g., Clinton*, 520 U.S. at 707–08 (overturning stay of lawsuit against President Clinton until his term of office expired); *E.M.A. Nationwide, Inc.*, 767 F.3d at 628–29 (affirming denial of stay pending resolution of criminal proceedings); *Int'l Bhd. of Elec. Workers*, 879 F.2d 864, at *8–9 (affirming denial of stay pending resolution of separate class action). Here, by contrast, defendant has requested only a stay of briefing and adjudication of one motion in a case that may otherwise proceed before this Court [Doc. 78].

While courts have yet to define a precise standard to apply to such a request, a review of the case law from this circuit suggests that courts do not require an affirmative

---

[4] Defendant's reply brief does not address the proper standard of review [*See* Doc. 84].

5

showing of irreparable harm when considering such a motion. *See, e.g.*, *Holmes v. Kelly Servs. USA, LLC*, No. 16-cv-13164, 2017 WL 1077987, at *3 (E.D. Mich. Mar. 22, 2017); *In re Amazon.com, Inc., Fulfillment Ctr. FLSA & Wage & Hour Litig.*, No. 3:14-md-2504, 2016 WL 8203223, at *1 (W.D. Ky. Apr. 22, 2016); *Price v. Medicaid Dir.*, No. 1:13-cv-74, 2016 WL 8201769, at *2 (S.D. Ohio Feb. 1, 2016); *Shannon v. PNC Bank, N.A.*, No. 3:14-cv-421, 2015 WL 339577, at *2 (W.D. Ky. Jan. 26, 2015); *New Jerusalem Deliverance Church v. Rabette*, No. 10-12566, 2011 WL 587145, at *1 (E.D. Mich. Feb. 10, 2011); *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2776881, at *1 (E.D. Mich. Aug. 27, 2009). Rather, courts exercise their broad discretion in "balancing the 'competing interests'" of the parties, *Holmes*, 2017 WL 1077987, at *3 (quoting *Landis*, 299 U.S. at 254), with the Court's duty to promote judicial economy and efficiently manage its docket, *see Price*, 2016 WL 8201769, at *2. Indeed, the "interest of judicial efficiency" is the overriding consideration in these circumstances because determining the order in which particular matters will be addressed in litigation is a quintessential prerogative of the trial court. *See In re Amazon.com Litig.*, 2016 WL 8203223, at *1.

### B. The Priority of the Parties' Various Motions

Second, having described the proper standard to apply in considering defendant's motion to stay, the Court turns to a determination of which motions—plaintiff's motion for conditional certification or defendant's motions to dismiss or transfer venue—should receive priority consideration. For the reasons set out below, the Court finds that principles

6

of judicial economy require the Court to consider defendant's motions before deciding whether to conditionally certify this matter as a collective action.

The Federal Arbitration Act ("FAA") provides that a written arbitration provision in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA expresses "a strong public policy favoring arbitration of a wide class of disputes." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004). The FAA also empowers the federal district courts to enter an order compelling arbitration and staying any pending federal proceedings "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. §§ 3–4; *see also Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2003) ("If a court determines that the cause of action is covered by an arbitration clause, it *must* stay the proceedings until the arbitration process is complete." (emphasis added)). Given the strong federal policy favoring arbitration, the Supreme Court has cautioned that the FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9 (1983).

Defendant argues that federal courts frequently defer consideration of a motion for conditional collective-action certification until a pending motion to compel arbitration is resolved. Defendant relies first and foremost on *Doe #1 v. Déjà Vu Consulting Inc.*, in which the Middle District of Tennessee held that "the question of arbitrability is a threshold issue that must be addressed before [a conditional certification motion]." No. 3:17-cv-40,

2017 WL 3837730, at *7 (M.D. Tenn. Sept. 1, 2017). The court further found that, "when a motion for conditional certification and a motion to compel arbitration are both pending before a district court, courts generally consider the motion to compel arbitration first and, then, if the motion to compel is denied, whether conditional certification is appropriate." *Id.* at *8. Defendant cites to other decisions where courts have followed this pattern, albeit usually without discussing the issue of priority in detail. *See, e.g.*, *Davis v. Vanguard Home Care, LLC*, No. 16-cv-7277, 2016 WL 7049069, at *1 (N.D. Ill. Dec. 5, 2016); *Feamster v. Compucom Sys., Inc.*, No. 7:15-cv-564, 2016 WL 722190, at *4–5 (W.D. Va. Feb. 19, 2016); *Pollock v. Legends Hospitality, LLC*, No. 12 Civ. 8334, 2013 WL 3863864, at *1 (S.D.N.Y. July 25, 2013); *Withrow v. Sedgwick Claims Mgmt. Serv., Inc.*, 841 F. Supp. 2d 972, 987–88 (S.D.W. Va. 2012); *Darrow v. WKRP Mgmt., LLC*, No. 9-cv-1613, 2011 WL 1666817, at *2 (D. Colo. May 2, 2011).[5] Ultimately, defendant argues that litigating class certification before resolving the arbitrability issue would undermine the purpose of the MAA and would waste judicial and litigant resources.

Plaintiff responds that courts routinely deny motions like the one defendant has filed here. Plaintiff relies principally on *Lewis v. Nevada Property 1, LLC*, where a magistrate judge declined to defer ruling on a conditional certification motion pending the district judge's ruling on the motion to dismiss. No. 2:12-cv-1564, 2013 WL 237098, at *14 (D. Nev. Jan. 22, 2013). The court noted that the FLSA's two-year statute of limitations might

---

[5] Defendant also cites decisions where the court addressed and denied an arbitration motion first before then turning to a conditional certification motion. *See, e.g.*, *Gaffers v. Kelly Servs., Inc.*, 203 F. Supp. 3d 829, 835–45 (E.D. Mich. 2016).

8

run on the claims of some opt-in plaintiffs while the district judge was considering the motion to dismiss. *Id.* (citing 29 U.S.C. § 255(a)). The court further observed that, "[a]lthough the sending of notice is burdensome, the burden falls primarily on the [p]laintiff and her counsel who will bear the expense of sending notice." *Id.* Likewise, plaintiff here argues that delaying sending notice will cause plaintiff severe prejudice as the claims of unknown opt-in plaintiffs continue to "die daily," while defendant has shown no real harm it will suffer absent a stay. *See McKinley v. Genghis Grill*, No. 17-2408-JPM-tmp, 2017 U.S. Dist. LEXIS 138479, at *4 (W.D. Tenn. Aug. 11, 2017) ("Briefing the issue of class certification is not a meaningful injury . . . ."). Plaintiff submits that the cases cited by defendant are distinguishable and that other courts have denied the relief defendant seeks. *E.g.*, *McKinley*, 2017 U.S. Dist. LEXIS 138479, at *4–5; *Brown v. Citicorp Credit Servs., Inc.*, No. 1:12-CV-62, 2013 WL 1760267, at *5 (D. Idaho Apr. 24, 2013).

After carefully considering the authorities cited and arguments advanced by both parties, the Court finds that, in the interest of judicial efficiency, it must defer consideration of plaintiff's conditional certification motion until it has ruled on defendant's motions to dismiss or transfer venue. First, the Court is mindful of its obligation under the FAA to provide a "summary and speedy disposition" of defendant's motion to dismiss and compel arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 9. The Court also notes that a finding of arbitrability would be dispositive of the case, as the FAA would then direct the Court to "stay the proceedings until the arbitration process is complete." *Fazio*, 340 F.3d at 392. By contrast, a ruling on plaintiff's conditional certification motion would, one way or the

9

other, permit these proceedings to continue. Thus, the "interest of judicial efficiency" speaks to the need to address the issue of arbitration before the issue of collective-action certification. *See In re Amazon.com Litig.*, 2016 WL 8203223, at *1. Furthermore, the Court agrees with the Middle District of Tennessee that most courts faced with this issue have elected to address arbitration motions before conditional certification motions. *Doe #1*, 2017 WL 3837730, at *8. This pattern is sensible—when faced with dueling motions to dismiss or greatly expand an action, the need to most efficiently use litigant and court resources counsels in favor of first addressing the former.

The Court also agrees with defendant that the cases on which plaintiff relies are distinguishable. *McKinley* concerned not a stay of briefing of a single motion, but rather a request to stay all proceedings until the Supreme Court issues a ruling in three FLSA cases[6] in which it has recently granted certiorari. 2017 U.S. Dist. LEXIS 138479, at *3. Thus, the higher burden attending a request for a total stay applied, *Int'l Bhd. of Elec. Workers*, 879 F.2d 864, at *8, and the delay from awaiting the Supreme Court's rulings would likely be much longer. Similarly, *Brown* concerned a request for a total stay pending an interlocutory appeal after the court had already denied the defendant's arbitration motion. 2013 WL 1760267, at *1. And plaintiff's reliance on *Gaffers* is misplaced because the court there actually ruled on the arbitration motion first, and only after denying it on the merits did the court turn to the issue of conditional certification. 203 F. Supp. 3d at 842.

---

[6] *Epic Sys. Corp. v. Lewis*, 137 S. Ct. 809 (2017); *Ernst & Young LLP v. Morris*, 137 S. Ct. 809 (2017); *NLRB v. Murphy Oil USA, Inc.*, 137 S. Ct. 809 (2017).

Finally, *Lewis* did not deal with an arbitration motion at all, but rather with a motion to dismiss under the *Colorado River* doctrine. 2013 WL 237098, at *12. Hence, concerns about the need for a "summary and speedy disposition" under the FAA were absent. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 9.

On the other hand, the Court is cognizant of plaintiff's concern that any delay in ruling on his conditional certification motion may result in the statute of limitations running on the claims of potential opt-in plaintiffs. The Court finds, however, that this argument is ultimately unpersuasive. For the reasons discussed above regarding the need to address arbitration and other dispositive issues promptly, the Court plans to prioritize ruling on defendant's motions to dismiss or transfer venue regardless of whether a stay is entered. Thus, the Court's ruling on the instant motion will affect only whether the parties continue to brief plaintiff's conditional certification motion, not the order in which the various pending motions are resolved. Furthermore, while plaintiff is correct that most of the expense of sending notice would fall on his shoulders, *Lewis*, 2013 WL 237098, at *14, "[t]he burden of resisting conditional certification is not insubstantial, and the consequences of conditional certification of this case as a collective action may be significant," *Darrow*, 2011 WL 1666817, at *2. Moreover, potential opt-in plaintiffs are not left simply at the mercy of the statute of limitations in the time before the Court rules on plaintiff's motion. After all, "any potential class members who are aware of this action can move to intervene. Those not aware of the action but who believe they have a claim against [defendant] may commence an independent action." *Id.*

11

Thus, the court finds that both the competing interests of the parties and the need to foster judicial efficiency favor the stay defendant has requested.

III. **Conclusion**

For the reasons described above, the Court hereby **GRANTS** defendant's Motion to Stay Briefing and Adjudication of Plaintiff's Motion for Conditional Certification [Doc. 78]. It is thus **ORDERED** that briefing and adjudication of plaintiff's Expedited Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Opt-in Plaintiffs [Doc. 71] is **STAYED** until the Court rules on defendant's pending motions to dismiss or transfer venue [Docs. 5, 46].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE