UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JAMES COBBLE, *et al.,* | ) | |
| | ) | |
| | ) | 2:17-CV-00053-TAV-MCLC |
| *Plaintiffs*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 20/20 COMMUNICATIONS, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Defendant 20/20 Communications has filed a Motion to Transfer the Claims of the Opt-In Plaintiffs [Doc. 46] and Supplemental Motion to Transfer Claims of the Opt-in Plaintiffs [Doc. 66]. Plaintiffs have responded, opposing the relief [Doc. 63, 74]. The matter is before the undersigned pursuant to 28 U.S.C. § 636 and an Order of Reference from the District Court [Doc. 77].

Defendant also filed a Motion for a Rule 16 Conference and to Stay Discovery [Doc. 55]. That motion was also referred to the undersigned for a Report and Recommendation [Doc. 58]. Finally, Plaintiffs have filed a "expedited motion to certify class and facilitate notice to potential opt-in Plaintiffs" [Doc. 71]. This motion was referred to the undersigned by order of reference[1] [Doc. 76]. All of these motions have been fully briefed and are ripe for resolution.

For the reasons stated herein, the undersigned RECOMMENDS Defendant's motion to transfer [Doc. 46, 66] be GRANTED. By granting this motion to transfer, Defendant's motion to

---

[1] The District Court granted Defendant's motion to stay Plaintiff's expedited motion to certify class until the Court rules on Defendant's pending motion to dismiss or transfer venue [Doc. 85].

1

stay discovery is rendered MOOT [Doc. 55] as is Plaintiffs' expedited motion to certify class [Doc. 71]. Thus, the undersigned RECOMMENDS these motions [Docs. 55, 71] be DENIED AS MOOT.

## I.    BACKGROUND

On April 5, 2017, Plaintiff James Cobble ("Plaintiff") filed this action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of himself and other employees similarly situated alleging 20/20 Communications ("Defendant") required him to work more than 40 hours a week without paying him overtime compensation [Doc. 1].  Plaintiff Cobble is a resident of Tennessee and worked for Defendant in Tennessee.  Since the filing of the complaint, a number of non-resident prospective Plaintiffs have given notice of their consent to opt-in, alleging they are "similarly situated" as Plaintiff Cobble.[2]  See 29 U.S.C. § 216(b).  These prospective Plaintiffs are from all over the United States.

Defendant is a Delaware corporation and maintains its principal place of business in Tarrant County, Fort Worth, Texas, which is located in the Northern District of Texas. Defendant's motion to transfer the case to the Northern District of Texas is based on two arguments: (1) Plaintiffs entered into a written employment agreement which contained a forum-

---

[2]  The  Sixth Circuit has described this opt-in process as follows:

> Section 216(b) [of the FLSA] establishes two requirements for a representative action: 1) the plaintiffs must actually be "similarly situated," and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action. 29 U.S.C. § 216(b); *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 167–68, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Similarly situated persons are permitted to "opt into" the suit. This type of suit is called "collective action." It is distinguished from the opt-out approach utilized in class actions under Fed.R.Civ.P. 23.

*Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

selection clause designating the Northern District of Texas as the forum in which disputes were to be litigated; and (2) this Court lacks specific and general jurisdiction to address Plaintiffs' claims. Plaintiffs oppose the motion.

## II.     ANALYSIS

### A.     Venue

Defendant claims this Court should transfer the opt-in Plaintiffs case to the Northern District of Texas because each of the prospective Plaintiffs entered into an employment contract which contained a forum-selection clause, designating the Northern District of Texas as the proper forum to address any disputes involving the parties.  A defendant's motion to transfer a case pursuant to a valid forum-selection clause should be considered a motion to transfer venue under 28 U.S.C. § 1404(a);  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W.D. Tex.*, –– U.S. ––––, 134 S. Ct. 568, 579 (2013).   Section 1404(a) authorizes the district court to transfer any civil action to another district "where it might have been brought or to any district … to which all parties have consented…." The focus of a typical Section 1404(a) transfer motion is on the "convenience of the parties and witnesses, [and] in the interest of justice … to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense....'" 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L.Ed. 2d 945 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.–585*, 364 U.S. 19, 26, 27, 80 S. Ct. 1470, 4 L.Ed. 2d 1540 (1960)).  "[I]f a case is transferred via § 1404(a), the law of the transferor court applies."  *K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 409 (6th Cir. 2017)(citing *Van Dusen*, 376 U.S. at 642).  In considering a transfer motion, a plaintiff's choice of forum deserves "foremost consideration" and should not be disturbed unless the balance of factors strongly favors

3

the defendant. *West Amer. Insurance Co. v. Potts*, No. 89–6091, 1990 WL 104034 at *2 (6th Cir. July 25, 1990) (unpublished) (citing *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951)).

But where there is a valid forum-selection clause, those considerations do not enter in the analysis. A plaintiff's choice of forum and the private-interest factors such as the convenience of the parities and witnesses are given no weight. *Atl. Marine,* 134 S.Ct. at 581-83. Moreover, a § 1404(a) transfer based on a forum-selection clause also does not carry with it the original venue's choice-of-law rules. *Id.* at 581-83. Rather, the Court's focus is on whether the forum selection clause is valid in the first instance. If the clause is valid, then the Supreme Court has held that it "should be given controlling-weight in all but the most exceptional cases." *Atl. Marine,* 134 S.Ct. at 581 (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)). The burden is on the plaintiff to show a transfer is not warranted. *Id.* at 581.

In an effort to show the "most exceptional case," Plaintiffs make a number of objections. *Id.* Plaintiffs claim that because Defendant has only produced Agreements for roughly half of the opt-in Plaintiffs, it cannot prove "that half of the opt-in Plaintiffs signed the 'Agreements' containing the venue selection clause in the first instance." [Doc. 63, pg .2]. For those Plaintiffs, they argue that there is "no evidence" of an offer and acceptance, the *sine qua non* for an enforceable contract. In its reply, Defendant notes that it has "provided *unrebutted* sworn testimony that its electronic onboarding process made it impossible for *any* opt-in Plaintiff to have become an employee without entering into the Agreements." [Doc. 75, pg. 2] (emphasis in original).

Fed.R.Evid. 1004 addresses Plaintiffs concerns about the existence of the written contract. It provides that "[a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if … all the originals are lost or destroyed, and not by the

4

proponent acting in bad faith….” In this case, Defendant has produced Agreements for roughly half of the Plaintiffs. The ones it could not produce, Defendant alleges, were destroyed, not in bad faith, but by its onboarding vendor, Enwisen, “which had electronically maintained the Agreements.” [Doc. 75, pg. 1, n. 3]. Defendant notes that Enwisen stored the documents for only a short time after Defendant terminated its business relationship with them. The documents were then deleted. Plaintiffs do not challenge that assertion. Instead, they simply claim a lack of evidence. It is clear based on the record that all the job applicants (and ultimately prospective Plaintiffs) followed the same procedure to apply for a job with Defendant. All of them signed the Agreement in order to be considered for employment. Thus, given the unrebutted sworn testimony that all of the Field Sales Manager applicants had to proceed through Defendant's onboarding process and that this process required the applicant to sign the Agreement containing the forum-selection clause, the Court finds that all Plaintiffs entered into the Agreement, and each Agreement contained the forum-selection clause at issue.

Plaintiffs then claim the forum-selection clause is not valid. For this issue, the Sixth Circuit has instructed courts to look to three factors when evaluating the enforceability of a forum selection clause:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Wong v. Party Gaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). “The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced.” *Id.* (citation omitted).

A challenge to a forum-selection clause must be made to the clause itself. See *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 722 (6th Cir. 2006) (the party opposing the

5

forum-selection clause failed to offer any evidence showing that it did not knowingly and willingly consent to the inclusion of that particular clause in the agreement). In *Associates in Urology*, the Sixth Circuit held that "unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum-selection clause to agree to inclusion of that clause in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum-selection clause." *Id*. at 722 (quoting *Moses v. Bus. Card Express*, 929 F.2d 1131, 1138 (6th Cir. 1991)). Plaintiffs have made no such showing in this case. Plaintiffs do not argue that the forum-selection clause was obtained by fraud or that Defendants falsely represented in what forum any disputes would be addressed. See *Great Earth Cos. v. Simons*, 288 F.3d 878, 884, 890 (6th Cir.2002)(defendants falsely represented the chosen forum). Finally, Plaintiffs do not allege that the Agreement either did not contain a forum-selection clause which they had signed or that their Agreement was obtained unknowingly or unwillingly. They have failed to show the clause to be unenforceable under the first factor.

Under the second factor, Plaintiffs have also failed to demonstrate that the Northern District of Texas would ineffectively or unfairly handle the suit. On the contrary, he argues that the Fifth Circuit will likely come to the same resolution as the Sixth Circuit would.

Finally, under the third factor, Plaintiffs must show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable. *Assoc. of Urology,* 453 F.3d at 722-23. "This finding must be based on more than mere inconvenience of the party seeking to avoid the clause." *Wong*, 589 F.3d at 829 (citing *Assoc. of Urology*, 453 F.3d at 722-23). Plaintiffs cannot persuasively argue that Texas is so inconvenient that it would be unjust to require the suit to be resolved there. In this case, most of the opt-in Plaintiffs are from Texas not from Tennessee. The remaining Plaintiffs are from all over the nation, and any one particular

6

forum seems to be as inconvenient as any other, save for the Northern District of Texas where most of the opt-in Plaintiffs reside and where Defendant has its headquarters. Plaintiffs have failed to show how litigating this case in the Northern District of Texas would be such an inconvenient forum that transferring the lawsuit would be unjust or unreasonable. *Id.* at 830.

Plaintiffs argue that even if the forum-selection clause is valid, Defendant still retains the burden of demonstrating that transferring the case to Texas is warranted, which they claim it has not done. Plaintiffs argue that the Court should deny the motion as Defendant has failed to address the convenience of the parties and witnesses or the interests of justice. As noted, those factors are not to be given any weight where there is a valid forum-selection clause. Plaintiffs also argue that "[t]he Supreme Court has cautioned that courts should not give conclusive weight to forum selection clauses when determining whether to grant a motion to transfer venue." [Doc. 63, pg. 10] (citing *Steward Org. v. Ricoh Corp.,* 487 U.S. 22 (1988)). In *Atl. Marine Const.*, the Supreme Court held that "[t]he enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atl. Marine*, 134 S. Ct. at 581 (citing *Steward Org.,* 487 U.S. at 33). For that reason, it held that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.*

Plaintiffs argue the forum selection clause is unconscionable because it is a contract of adhesion. Plaintiffs cite the Tennessee Supreme Court case *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996) in support. Whether a forum-selection clause is valid is a matter of federal law, not state law. *Wong,* 589 F.3d at 828. But even considering Plaintiffs' arguments, they are not persuasive. In *Buraczynski*, the Tennessee Supreme Court addressed, among other things, "whether an agreement [to arbitrate] between a physician and a patient" was a contract of adhesion

7

and whether its terms were unconscionable.[3]  *Id.* at 316.  Although the Tennessee Supreme Court found the contract at issue a contract of adhesion, it nevertheless found the contract enforceable because the terms were not "beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable."  *Buraczynski,* 919 S.W.2d at 320.  In other words, contrary to Plaintiffs' argument, the contract was not unconscionable *because* it was a contract of adhesion.

Plaintiffs have further failed to show the Agreement in not otherwise unenforceable.  First, contrary to Plaintiffs arguments, the means of obtaining the agreement was not unconscionable or unreasonable.  Requiring job applicants to sign an agreement in order to apply for the job opening is not unreasonable or unconscionable.  In *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 385 (6th Cir. 2005), *cert. denied* 126 U.S. 730 (2005), the Sixth Circuit suggested that "the threat of termination from one's current employment," as opposed to the threat of not being hired in the first place, "would appear to be sufficient in itself to demonstrate 'the absence of a meaningful choice for the party occupying the weaker bargaining position.'"  *Id.*  But that suggestion was made in relation to employees who were presented with an arbitration agreement after beginning their employment. In those circumstances, the Sixth Circuit noted, the employees "likely had foregone other employment opportunities and would have been severely disadvantaged by having to inform prospective employers that they were terminated shortly after their hire." *Id*. That is not the context in which these agreements were entered.  In this case, the job applicants applied online and in order to accept the position had to agree to the terms of the Agreement which included the forum-selection clause.  The applicants could have stopped at that point and ended

---

[3]      Although *Buraczynski* speaks of contracts "offered to consumers of goods and services," employment contracts can also be contracts of adhesion under Tennessee law. See *Vargo v. Lincoln Brass Works, Inc.*, 115 S.W.3d 487, 492 & n. 5 (Tenn. Ct. App. 2003).

8

the application process and sought other employment if they had chosen. They were under no compulsion to continue the process. This argument is unpersuasive.

Second, Plaintiffs have failed to show the Agreement is substantively unconscionable or unreasonable under state or federal law. They argue the agreement is unreasonable because it is one-sided, only benefiting Defendant "to the detriment of the opt-in Plaintiffs." To be sure, it does select the forum as Tarrant County, Texas, which includes Fort Worth, Texas, the situs of Defendant's headquarters. But the forum-selection clause does not exclude federal court as an available forum or attempt to limit its available remedies under the FLSA. See *Branch v. Mays*, No. 3:16-CV-249, 2017 WL 3048659, at \*3 (E.D. Tenn. May 25, 2017)(Mattice, J.)(citing *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010)(adopting "the widely-accepted rule that forum selection clauses that use the term 'in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state")). It is also not clear that the Agreement only benefits Defendant. The employees did not waive any rights under the FLSA, and while the opt-in Plaintiffs come from all over the country, the largest percentage of them reside in Texas.

Fourth, Plaintiffs argue that if the Court were to transfer only the opt-in Plaintiffs who signed the Agreement and not the others, "it would lead to precisely the type of ineffective resolution of claims that the FLSA's collective action mechanism was designed to prevent." [Doc. 63, pg. 14]. Plaintiffs are correct that it would not be efficient from a judicial economy perspective to divide up this case between Texas and Tennessee. But that only supports the theory that the case should be resolved in one location and not two. It does not mean that Tennessee is the

9

preferred jurisdiction. Based on the forum-selection clause, the case should be addressed in Texas not Tennessee.

Fifth, Plaintiffs claim that "[t]ransfer of some or all opt-ins' claims would be particularly inequitable here, because it appears that Defendant's primary motivation for seeking transfer is its hope that another court may limit its waiver of arbitration to Cobble and those employees it sued in federal court." [Doc. 63, pg. 14]. Plaintiffs acknowledge, however, that "such a result is not likely…." [Doc. 63, pg. 15]. Given that, the inequity is not apparent. According to Plaintiffs, the Fifth Circuit may very well decide this "waiver issue" the same as the Sixth Circuit. But even it did not, Plaintiffs do not explain why that would "unfairly impact the opt-in plaintiffs and members of the putative collective action" to the extent that this Court should refuse to honor the forum-selection clause in the Agreement [Doc. 63, pg. 15].

Lastly, Plaintiffs claim that the forum-selection clause does not apply to this action. "Rather, the venue selection provision only pertains to claims to enforce the 'Agreements' or the rights, duties, or obligations of the parties under the 'Agreements.'" [Doc. 63, pg. 2]. The employment contract provides the following forum-selection clause:

> Any litigation or proceeding that may be brought by either party involving the enforcement of these Agreements or the rights, duties, or obligations of any party to these Agreements shall be brought exclusively in Tarrant County in the state of Texas.

[Doc. 47, pg. 2; 47-1, ¶ 7]. Plaintiffs argue that "this lawsuit does not seek enforcement of any of the 'Agreements' and does not concern the rights, duties or obligations of any party accruing under the Agreements." [Doc. 63, pg. 8]. They argue that the forum-selection clause appears under the hearing "Provisions Applicable to All Agreements." [Doc. 63, pg. 8]. Plaintiffs claim that the forum-selection clause pertains to only the various sub-agreements identified in the Agreement itself and not to any rights accruing under federal law, which are the subject of this lawsuit.

10

The Court interprets the forum selection clause broader than Plaintiffs' interpretation. The clause does not refer to obligations of the parties "under" the Agreement but to obligations of the parties "to these Agreements." The phrase refers to the obligations of the parties, regardless of whether their obligations arose from the Agreement or from the various other sub-agreements identified in the "Agreement" or accrued as a result of federal law, such as the FLSA. In other words, the clause, by its own terms, applies to disputes arising under the Agreement and to disputes pertaining to obligations of the parties imposed by the law, such as the FLSA as in this case. The clause is not so limited as Plaintiffs contend. See *Richmond v. 20/20 Commc'ns, Inc.*, No. 16-CV-6051, 2016 WL 6217107, at \*2 (N.D. Ill. Oct. 24, 2016)(a district court addressing the same contract here and finding plaintiffs' argument unpersuasive).

## B. Jurisdiction

Finding that this case should be transferred to the Northern District of Texas, the Court finds Defendant's jurisdictional challenge to be moot. Defendant's requested relief based on its jurisdictional argument was to transfer the case. Thus, it is unnecessary to address this issue on these grounds given the Court's recommendation to transfer the case based on its finding the existence of a valid forum-selection clause.

## III. CONCLUSION

For the reasons stated herein, the undersigned RECOMMENDS Defendant's motion to transfer [Doc. 46, 66] be GRANTED and the entire case be transferred to the Northern District of Texas for further disposition, and Defendant's motion to stay discovery [Doc. 55] and Plaintiffs' motion to certify class [Doc. 71] be DENIED AS MOOT.[4]

---

[4] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).

Case 2:17-cv-00053-TAV-MCLC   Document 86   Filed 11/02/17   Page 11 of 12
PageID #: 1683

Respectfully Submitted,


s/Clifton L. Corker
United States Magistrate Judge